UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ALEM,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT BURTON, et al.,<br><br>    Defendants. | No. 2: 21-cv-0751 TLN KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as

2

true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are Warden Burton, Officer Bender, Officer Hernandez, Lieutenant Turner, Associate Warden Nowling, Appeals Coordinator Cantu and Sergeant Camarillo.

Plaintiff alleges that on May 20, 2019, defendant Hernandez asked plaintiff to remove his boots before he went through the metal detector. Plaintiff removed his boots and walked through the metal detector. The metal detector went off. Defendant Hernandez asked plaintiff to walk through the metal detector three more times. Defendant Hernandez then asked plaintiff to put his boots on and step over to defendant Bender to be patted down.

After plaintiff put on his boots, defendant Bender conducted a pat down search. During this search, defendant Bender "groped plaintiff's genitals firmly." Plaintiff asked defendant Bender to stop and looked over to defendant Camarillo and asked him if this is how officers are trained, i.e., to harass inmates in this manner. Defendant Camarillo said nothing and looked away. Defendant Bender told plaintiff, "If you don't like it, then 602 Warden Johnson." Plaintiff alleges that it was clear that defendants were trying to "manipulate" plaintiff to file a grievance against Warden Johnson, who had created new rules that "interrupted these officers' natural way of doing things."

Plaintiff alleges that on May 21, 2019, defendant Bender retaliated against plaintiff by issuing a 128-G disciplinary chrono describing a fictitious series of events occurring on May 20, 2019. Plaintiff alleges that in the chrono, defendant Bender attempted to contradict plaintiff's "sequence of events" and made no mention of him sexually assaulting plaintiff by groping plaintiff's genitals.

Plaintiff alleges that on June 3, 2019, plaintiff filed a grievance regarding the May 20, 2019 incident. On June 7, 2019, plaintiff was notified that a Prison Rape Elimination Act ("PREA") investigation would be launched. On July 19, 2019, plaintiff's grievance was denied at the second level by defendants Burton and Cantu. The PREA investigation also found plaintiff's claims to be unsubstantiated. Plaintiff filed a third level grievance. Plaintiff's third level

3

grievance was denied on October 24, 2019.

Plaintiff alleges that on August 7, 2019, defendants Hernandez and Camarillo retaliated against plaintiff for filing the June 3, 2019 grievance naming them and defendant Bender by issuing a false rules violation report against plaintiff. In this rules violation report, defendant Hernandez claimed that on August 5, 2019, plaintiff raised his voice and used profane language when he told defendant Hernandez not to touch him. The rules violation report stated that defendant Hernandez claimed that he noticed a visible change in plaintiff's body language and with thirty years of law enforcement experience, this signaled a high probability of aggressive response by plaintiff. The rules violation report also stated that plaintiff requested to speak with a staff sergeant. When Officer Stough approached, plaintiff asked for Officer Stough to pat him down. Officer Stough found no contraband and "left the area without incident." Plaintiff alleges that defendant Camarillo, the supervising officer, approved the false rules violation report.

Plaintiff alleges that defendant Turner conducted the hearing for the false rules violation report on September 10, 2019. Plaintiff told defendant Turner that he believed that the rules violation report was issued in retaliation for plaintiff's grievance and the PREA complaint. Plaintiff denied threatening or attempting any violence against defendant Hernandez. Defendant Turner refused to question defendant Hernandez about what change in body language he noticed in plaintiff. Plaintiff alleges that defendant Stough stated in the rules violation report that plaintiff was calm and showed no aggressive demeanor.

Plaintiff alleges that Turner found plaintiff guilty of the rules violation report and punished plaintiff with 30 days loss of time credits and 30 days loss of yard privileges. On November 14, 2019, plaintiff filed a grievance disputing defendant Turner's guilty finding. Defendant Nowling denied this grievance at the second level of review.

As legal claims, plaintiff alleges violations of the Eighth Amendment and PREA. The undersigned also finds that plaintiff's allegations suggest retaliation and due process claims. Plaintiff seeks money damages.

PREA does not give rise to a privately enforceable cause of action on its own or under Section 1983. Blessing v. Freestone, 520 U.S. 329, 340 (1998) (§ 1983 litigant "must assert the

violation of a federal right, not merely a violation of federal law") (emphasis in original); Bell v. County of Los Angeles, 2008 WL 4375768 at *6 (C.D. Cal. 2008) ("Plaintiff has no claim under the Prison Rape Elimination Act; the Act does not create a private right of action"). Accordingly, plaintiff's PREA claims against all defendants are dismissed.

The undersigned next considers plaintiff's claim that defendant Bender violated the Eighth Amendment when he allegedly groped plaintiff's genitals during the May 20, 2019 pat down search.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson v. McMillian, 503 U.S. 1, 9 (1992) ("Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities" may give rise to a constitutional claim). Prisoner "sexual harassment claims that allege brief inappropriate touching by a correctional official are generally found to be noncognizable, particularly if the alleged touching occurred pursuant to an authorized search." Palmer v. O'Connor, 2013 WL 1326207 at *4 (E.D. Cal. March 29, 2013); White v. Wilks, 2020 WL 1503432 at *3 (E.D. Cal. March 30, 2020) (clothed search that included brief touching of genitals without "suggestive comments" or other indication of degrading purpose insufficient to state Eighth Amendment claim).

Plaintiff's allegations that defendant Bender briefly grabbed his genitals during an authorized pat down search without suggestive comments are insufficient to state an Eighth Amendment claim. Accordingly, plaintiff's Eighth Amendment claim against defendant Bender is dismissed.

Plaintiff may be claiming that defendants Hernandez and Camarillo violated the Eighth Amendment by failing to intervene when defendant Bender touched his genitals during the May 20, 2019 pat down search. As discussed above, plaintiff has not stated a potentially colorable Eighth Amendment claim against defendant Bender based on the pat down search. For this reason, plaintiff has not stated a potentially colorable Eighth Amendment claim against defendants Hernandez and Bender based on their alleged failure to intervene.

////

5

Plaintiff next alleges that defendant Bender issued a retaliatory 128-G chrono against plaintiff on May 21, 2019. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (citations omitted).

At the time defendant Bender issued the 128-G chrono, plaintiff had not filed his grievance. For this reason, it is not clear what protected conduct defendant Bender retaliated against plaintiff for engaging in. In addition, counseling chronos are not adverse actions. See Vallery v. Botkin, 2020 WL 7425343, at *4-5 (E.D. Cal. Dec. 18, 2020). For these reasons, the undersigned finds that plaintiff has not stated a potentially colorable retaliation claim based on defendant Bender's issuance of the May 21, 2019 128-G chrono.

Plaintiff next claims that defendants Burton and Cantu violated the Eighth Amendment when they denied plaintiff's second level grievance challenging the actions of defendants Bender, Hernandez and Camarillo on May 20, 2019. Plaintiff has not stated a potentially colorable claim against defendants Burton and Cantu based on the denial of his grievance for two reasons. First, plaintiff has not stated a potentially colorable Eighth Amendment claim against defendants Burton, Hernandez and Camarillo based on the May 20, 2019 incident.

Second, assuming plaintiff alleged an Eighth Amendment violation against defendants Bender, Hernandez and Camarillo, plaintiff has not alleged sufficient facts demonstrating how responding to a grievance alone would subject defendants Burton and Cantu to liability under the Eighth Amendment. A supervisor cannot be liable for an after-the-fact complaint of alleged constitutional violations or after-the-fact knowledge of the event. See Bradberry v. Nevada Dept. of Corrections, 2013 WL 4702953, at *15-16 (D. Nev. Aug. 30. 2013); see also George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.") Accordingly, these Eighth Amendment claims against

defendants Burton and Cantu are dismissed.

Plaintiff next alleges that defendant Hernandez and Camarillo filed a false rules violation report against plaintiff in retaliation for filing the grievance. These allegations state a potentially colorable retaliation claim. Plaintiff alleges that defendant Turner found plaintiff guilty of the rules violation report despite the evidence showing plaintiff's innocence. These allegations may state a potentially colorable due process claim. See Superintendent v. Hill, 472 U.S. 445, 454 (1985) (there must be some evidence to support a prison disciplinary decision). However, plaintiff also alleges that he was assessed 30 days of time credits as a result of being found guilty of the rules violation.

When seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. Edwards v. Balisok, 520 U.S. 641, 643–647 (1997).

A finding that defendants Hernandez and Camarillo filed a false rules violation report in retaliation for plaintiff filing the grievance would result in the invalidity of plaintiff's prison disciplinary conviction. A finding that defendant Turner violated plaintiff's due process rights by finding plaintiff guilty of the rules violation report based on insufficient evidence also would result in the invalidity of plaintiff's disciplinary conviction. Therefore, these claims are barred by Heck unless the disciplinary conviction has been invalidated. Accordingly, these claims are dismissed so that plaintiff may clarify the status of this disciplinary conviction.

Plaintiff alleges that defendant Nowling violated his Eighth Amendment rights when he upheld plaintiff's disciplinary conviction. These allegations do not state an Eighth Amendment

7

claim. In addition, plaintiff's claim that defendant Nowling wrongly denied his grievance fails to state a potentially colorable due process claim. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (plaintiff has no claim for the "loss of a liberty interest in the process of his appeals …because inmates lack a separate constitutional entitlement to a specific prison grievance procedure.")

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3. Plaintiff's complaint is dismissed.

    4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a. The completed Notice of Amendment; and

        b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

    Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: July 1, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Alem751.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ALEM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT BURTON, et al.,<br><br>　　　　Defendants. | No. 2: 21-cv-0751 TLN KJN P<br><br><br>NOTICE OF AMENDMENT |

  Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____    Amended Complaint
DATED:

                _____
                Plaintiff